UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BARRY McCRANEY** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 07-1838** |
| **HIBERNIA NATIONAL BANK, ET AL.** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 4). The Court heard oral argument and took this motion under submission. For the following reasons, IT IS ORDERED that the Plaintiff's motion is now GRANTED IN PART and that this matter be REMANDED to state court.

### I.     BACKGROUND

Capital One, N.A., formerly known as Hibernia National Bank ("Defendant"), is the assignee of a Retail Installment Sales Contract and Promissory Note dated January 30, 2003 which contemplates that Barry McCraney ("Plaintiff") will make installment payments in the amount of $430.85 until the note is paid in full. On a number of occasions, the Plaintiff made multiple payments at one time, and the Defendant apparently credited such advance payments against the next monthly payment due. This lawsuit arises from an alleged change in the method of crediting these advanced payments which caused the Plaintiff's account to appear in arrears and which may have prevented him from obtaining credit elsewhere.

On March 22, 2005, the Plaintiff filed suit in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. In his original petition, the Plaintiff alleged that "[a]s a consequence to application of these advance monthly payments to just principal, [the Defendant] has wrongly reported to credit reporting agencies that [Plaintiff's] payments have been in arrears." (Pl.'s Pet. ¶ VIII.) During the approximately two years that this case was pending in state court, it has become clear that this vague allegation was an attempt to assert a federal claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.

First, prior to filing suit, the Plaintiff's attorney forwarded to the Defendant a letter from another financial institution denying credit to the Plaintiff and informing him of his rights under the FCRA. Second, in August and September of 2006, the parties filed motions for summary judgment on the Plaintiff's improper reporting claim. In briefing those motions to the state court, the parties repeatedly refer to the FCRA. Finally, on March 12, 2007, the Plaintiff filed a motion for leave to file a Second Supplemental and Amending Petition that specifically alleged violations of the FCRA, and thus removed any lingering doubt about the nature of the Plaintiff's claims. The Plaintiff sent a courtesy copy of the motion for leave and proposed pleading to the Defendant by facsimile on March 12, 2007. The state court subsequently granted the Plaintiff's motion for leave to file, and the Defendant was formally served with the Second Supplemental and Amending Petition on March 22, 2007. The Defendant then filed a notice of removal on April 16, 2007, asserting federal question jurisdiction under 28 U.S.C. § 1331.

## II.   PRESENT MOTION

On May 16, 2007, the Plaintiff filed a motion to remand to state court, arguing that the Defendant's removal was untimely. First, the Plaintiff argues that the Defendant was put on

notice by the original petition (filed in March 2005) that this case involved federal claims, and thus that the Defendant's removal in 2007 was clearly untimely.  Second, even if the matter may not have originally been removable in early 2005, the Plaintiff contends that subsequent events culminating in the facsimile transmission of the proposed Second Supplemental and Amending Petition on March 12, 2007 put the Defendant on notice that this case had become removable.  Accordingly, the Plaintiff argues that the Defendant's removal on April 16, 2007 was, at the very least, four days late, and that this matter should be remanded to state court.  The Plaintiff also seeks costs incurred in these removal proceedings.

The Defendant responds that it was not put on notice that this matter involved a federal question until March 22, 2007, when it was formally served with the Second Supplemental and Amending Petition, and thus that its removal on April 16, 2007 was within the thirty-day window contemplated by 28 U.S.C. § 1446(b).  Furthermore, the Defendant argues that because the Second Supplemental and Amending Petition had no legal effect under state law until leave of court was granted to permit its filing, the Plaintiff's facsimile of March 12, 2007 could not have put it on notice that this matter had become removable.

### III.  LAW & ANALYSIS

The relevant statute, 28 U.S.C. § 1446(b), sets forth the following guidelines regarding removal of actions from state court:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within *thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper* from

>which it may first be ascertained that the case is one which is or has become removable . . .

28 U.S.C. § 1446(b) (emphasis added). Assuming, as the Plaintiff conceded at oral argument, that this case was not removable based on the vague allegations in the initial petition, the Court must determine when the Defendant could have first ascertained that the case involved federal claims.

The Court finds that, at the very latest, the Defendant was put on notice that the Plaintiff was asserting federal claims on March 12, 2007. This case was developed in state court over two years, during which it became clear that the Plaintiff was asserting claims under the federal FCRA. Any number of communications and/or pleadings from the Plaintiff sent during this time would appear to qualify as "motions" or "other papers" from which it could have been ascertained that this matter had become removable. Indeed, the development of this case culminated with the Defendant's receipt on March 12, 2007 of both the Plaintiff's motion for leave to amend and the proposed amended pleading. Because it is clearly ascertainable from the March 12, 2007 facsimile that the Plaintiff's vague initial allegation was an attempt to assert a federal claim in this case, a notice of removal should have been "filed within thirty days after receipt by the defendant, through service *or otherwise*, of a copy of [the Plaintiff's] motion" for leave to file an amended petition. 28 U.S.C. § 1446(b) (emphasis added); *see Ruiseco v. Corpus Christi Hous. Auth.*, No. 06-423, 2006 WL 3302520, at *3 (S.D. Tex. Nov. 10, 2006) ("Numerous courts have held that receipt of an unfiled document starts the thirty-day clock for removal under the statute.") (collecting authorities); *see also Broderick v. Dellasandro*, 859 F. Supp. 176, 178 (E.D. Pa. 1994) ("Although notice must be in writing, the statute does not require 'service' of that notice in some formal legal sense."). Accordingly, the Defendant's removal was

untimely.[1]

### IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand (Rec. Doc. 4) is GRANTED IN PART and that this matter is hereby REMANDED to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. However, the Plaintiff's request for costs incurred in these removal proceedings is DENIED.

New Orleans, Louisiana this 20th day of August, 2007.

*[signature: Eldon E. Fallon]*

UNITED STATES DISTRICT JUDGE

---

[1] The Court is not persuaded by the Defendant's argument that, over the past two years, it was merely asserting a federal preemption defense to what it believed were state-law slander and defamation claims, and that it only became aware of the fact that this case involved federal claims on March 22, 2007, when it was formally served with a copy of the Plaintiff's amended petition. However plausible this explanation may have been in March of 2005, subsequent events ultimately render it untenable.

Moreover, the Defendant's reliance on *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), is also misplaced. The Defendant relies on the Supreme Court's statement that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 347-48. But *Murphy Brothers* involved an initial pleading and a defendant that had yet to be formally brought into the litigation, and thus does not control the instant dispute.